# **EXHIBIT A**

*MORGAN STANLEY*                                   **FINANCIAL ADVISOR**
                                                                                            **EMPLOYMENT AGREEMENT**

This agreement (referred to as the, or this, "Agreement") is made between Morgan Stanley & Co. Incorporated, a Delaware Corporation, (referred to as "Morgan Stanley") and ___TRENT LEHOA___.

In consideration of your compensation and employment by Morgan Stanley as a Financial Advisor, and for other good and valuable consideration, you hereby agree as follows:

1. **AT-WILL EMPLOYMENT AND TERMINATION**

   Nothing in this Agreement is a promise of employment for a fixed term. Your employment by Morgan Stanley is strictly at-will and may be terminated by either party, for any reason or for no reason, at any time, with or without notice, and with or without cause. As used in this Agreement, "termination" includes (1) voluntary or involuntary resignation, (2) retirement, (3) release due to a reduction in force or closing of a branch office, or (4) discharge by Morgan Stanley. _TL._ **(EMPLOYEE INITIALS)**

2. **TRADE SECRETS AND OTHER CONFIDENTIAL INFORMATION**

   2.1      In the course of your employment with Morgan Stanley, you will have access to information that has been acquired by expenditures of time, effort, and money by Morgan Stanley, and which is valuable and proprietary to Morgan Stanley because, among other reasons, this information it is not known by, or available to, the general public or persons or entities other than in the ordinary course of conducting business for Morgan Stanley and its affiliates. This information includes, but is not limited to: (a) customer files, lists, and holding pages; (b) the names, addresses, telephone numbers, and assets and obligations carried in the accounts of Morgan Stanley's customers; (c) Morgan Stanley customer account histories and customer risk profiles; (d) computer software or hardware for use in computer or word processing equipment; (e) all training material forwarded to you during your employment (including but not limited to books, papers, records, videotapes and recordings); (f) documents or computer programs prepared or generated by you, if any, using Morgan Stanley records or information; (g) Morgan Stanley's business or marketing plans and strategies; and (h) other information or materials subject to intellectual property protection that are highly confidential. All of the above described information and documents are hereinafter collectively referred to as "Trade Secrets." You acknowledge and agree that these Trade Secrets are unique, cannot lawfully be easily duplicated or acquired, and that Morgan Stanley views the Trade Secrets as highly confidential and takes all reasonable measures to maintain their confidentiality and secrecy. _TL._ **(EMPLOYEE INITIALS)**

   2.2      In the course of your employment with Morgan Stanley, you will also have access to records, documents, and information concerning the business and affairs of Morgan Stanley and its employees (hereinafter "Company Records") that are and will always be the confidential and exclusive property of Morgan Stanley. Company Records include, but are

not limited to, Morgan Stanley books and records and excerpts or derivations thereof. Company Records also include information and documents described as Trade Secrets in Paragraph 2.1 above. Company Records include the originals and all copies thereof (whether in hard copy, computerized, or any other form). *TL* **(EMPLOYEE INITIALS)**

2.3  You agree that, during the course of your employment with Morgan Stanley or otherwise, you will not remove Trade Secrets or other Company Records from the premises of Morgan Stanley in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, Morgan Stanley. You also agree that you will not use Trade Secrets or other Company Records for any purpose other than the purpose of conducting the business of Morgan Stanley. You further agree that (a) your use of Trade Secrets and other Company Records will stop immediately upon the suspension or termination of your employment relationship with Morgan Stanley; (b) you will immediately deliver to Morgan Stanley, at the time of suspension or termination of your employment or at any other time upon Morgan Stanley's request, any Trade Secrets or other Company Records in your possession or control; and (c) you will permit Morgan Stanley to inspect, prior to removal, any materials you intend to take from Morgan Stanley offices when your employment with Morgan Stanley is suspended or terminated. In addition, you agree that, should you decide to terminate your employment with Morgan Stanley, your use of Trade Secrets and other Company Records will stop immediately and permanently, unless otherwise agreed to by Morgan Stanley. *TL* **(EMPLOYEE INITIALS)**

2.4  You agree that, both during and subsequent to the course of your employment with Morgan Stanley, you will not disclose to any person or entity the contents, in whole or in part, of Trade Secrets or other Company Records, except in the ordinary course of conducting business for Morgan Stanley. *TL* **(EMPLOYEE INITIALS)**

2.5  You will not at any time assert any claim of ownership or other property interest in Trade Secrets or other Company Records. *TL* **(EMPLOYEE INITIALS)**

2.6  If you create, contribute to or conceive any copyrightable work within the scope of your employment at Morgan Stanley, Morgan Stanley may assert that such copyrightable work is a "work-made-for-hire," and you agree that, upon Morgan Stanley's assertion that a work is a "work-made-for-hire," Morgan Stanley shall own all such rights in the copyrightable work. *TL* **(EMPLOYEE INITIALS)**

3.  **UNFAIR COMPETITION**

3.1  You acknowledge and agree that the resources, training, goodwill and reputation of Morgan Stanley are the primary and material factors in your ability to develop and service Morgan Stanley customers, and that all customers serviced by you on behalf of Morgan Stanley are customers of Morgan Stanley. *TL* **(EMPLOYEE INITIALS)**

3.2  For a period of one year following termination of employment for any reason, you will not solicit or attempt to solicit, directly or indirectly, any of Morgan Stanley's customers who were served by you, or whose names became known to you, while in the employ of Morgan Stanley or as a result of your employment with Morgan Stanley, with respect to securities,

commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged. For purposes of this provision, the term "solicit" includes initiation of any contact with customers for the purpose of conducting business with or transferring accounts to any other person or firm that does business in any line of business in which Morgan Stanley or any of its affiliates is engaged. _TL_ (EMPLOYEE INITIALS)

3.3   For a period of one year following termination of employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of Morgan Stanley for employment with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged. _TL_ (EMPLOYEE INITIALS)

4.  **RIGHT TO INJUNCTION**

4.1   In the event you breach any of your obligations concerning "Trade Secrets and Other Confidential Information" or "Unfair Competition" contained in paragraphs 2 or 3 of this Agreement, you agree that Morgan Stanley will be entitled to injunctive relief from a court of competent jurisdiction, or from any arbitration forum specified in this Agreement. You understand and agree that Morgan Stanley will suffer immediate and irreparable harm and that money damages will not be adequate to compensate Morgan Stanley or to protect and preserve the status quo pending arbitration (as provided for in paragraph 7 of this Agreement). Therefore, YOU CONSENT TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY OR PERMANENT INJUNCTION ordering:

   (a)   that you immediately return to Morgan Stanley all Trade Secrets and Company Records, whether original, duplicated, computerized, handwritten, or in any other form whatsoever, and that you be enjoined and restrained from using or disclosing any information contained in such materials; _TL_ (EMPLOYEE INITIALS)

   (b)   that, for a period of one year following the termination of your employment, you be enjoined and restrained from soliciting or attempting to solicit, directly or indirectly, any of Morgan Stanley's customers who were served by you, or whose names became known to you, while in the employ of Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged; _TL_ (EMPLOYEE INITIALS) and

   (c)   that, for a period of one year following termination of employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of Morgan Stanley for employment with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which

Morgan Stanley or any of its affiliates is engaged. __7L__ (EMPLOYEE INITIALS)

4.2   You agree that Morgan Stanley's application to any court for an injunction or other provisional relief will not constitute a waiver by Morgan Stanley of its right to arbitration as provided for in paragraph 7.1 of this Agreement, and that any hearing on the merits in such dispute shall be conducted in arbitration. If, after issuance of a temporary restraining order or permanent injunction, the parties proceed to arbitration, you agree to consent to expedited hearing procedures for such arbitration. You further agree that any injunction or provisional order shall stay in full force and effect until a panel of arbitrators renders a full and final decision on the merits. __7L__ (EMPLOYEE INITIALS)

5.   **ADHERENCE TO APPLICABLE LAWS AND POLICIES**

You agree to become familiar with and abide by the rules, regulations, and policies of Morgan Stanley, the Financial Industry Regulatory Authority, and any other securities and commodities exchanges of which Morgan Stanley is a member. You also agree to become familiar with and abide by any applicable state and federal securities laws and regulations. __7L__ (EMPLOYEE INITIALS)

6.   **HOLD HARMLESS**

You agree to indemnify Morgan Stanley for, and hold it harmless from, any and all losses or liabilities incurred by Morgan Stanley caused by (a) your violation of applicable state or federal laws, duties, rules or regulations; (b) your violation of Morgan Stanley's policies; or (c) your breach of any of the provisions of this Agreement. You further agree to indemnify Morgan Stanley, consistent with and as permitted by law, for your commission deficits, other employee losses, or customer losses, that are caused or permitted by you. Consistent with and as permitted by applicable law, you authorize Morgan Stanley, with or without notice to you, to withhold amounts equal to any such losses or liabilities from amounts payable, due, or held in an account or otherwise for you, including, but not limited to, assets held by you in any investment or securities related account(s), and from any commissions, bonuses, deferred, incentive or other compensation (above minimum salary or draw). __7L__ (EMPLOYEE INITIALS)

7.   **ARBITRATION**

7.1   Any controversy or claim arising out of or relating to (i) your employment by Morgan Stanley (excluding statutory employment claims and other claims covered by Paragraph 7.2), or (ii) this Agreement (or its breach), will be settled by arbitration before the Financial Industry Regulatory Authority ("FINRA") in accordance with their respective rules, and judgment upon an award issued by the arbitrator(s) may be entered in any court having jurisdiction. Except as otherwise expressly agreed, any dispute as to the arbitrability of a particular issue or claim pursuant to this arbitration provision is to be resolved in arbitration.

This paragraph will not be deemed a waiver of Morgan Stanley's right to injunctive or provisional relief from any court, as provided for in this Agreement. __TL__ **(EMPLOYEE INITIALS)**

7.2   Notwithstanding the arbitration requirement of paragraph 7.1 above, you agree that certain other claims (including, but not limited to, statutory discrimination and other statutory employment claims) must be submitted to Morgan Stanley's Alternate Dispute Resolution Program, "Convenient Access to Resolutions for Employees" ('CARE'). Claims required to be submitted to CARE are recited in the CARE Guidebook maintained by the CARE Program Administrator's Office and in the CARE Program explanatory brochure. __TL__ **(EMPLOYEE INITIALS)**

8.   **SUCCESSORS, ASSIGNS AND AFFILIATES**

The provisions, benefits and obligations of this Agreement will run to the successors, affiliates and assigns of Morgan Stanley. __TL__ **(EMPLOYEE INITIALS)**

9.   **GOVERNING LAW**

This Agreement will be governed by and construed in accordance with the laws of the state in which you signed this Agreement. __TL__ **(EMPLOYEE INITIALS)**

10.   **WAIVER**

Morgan Stanley's failure to enforce a breach of any covenant of this Agreement will not constitute a waiver of Morgan Stanley's right to enforce any other breach of the same or any other covenant. __TL__ **(EMPLOYEE INITIALS)**

11.   **SEVERABILITY**

11.1   If any provision or portion of any provision of this Agreement is, for any reason, adjudged to be void, invalid or unenforceable by an arbitrator or arbitration panel, a regulatory body, or a court of competent jurisdiction, the remainder of the Agreement will remain in full force and effect. __TL__ **(EMPLOYEE INITIALS)**

11.2   If any of the covenants, including but not limited to restrictive covenants, contained in this Agreement or any part thereof are held to be unreasonable and/or unenforceable, the parties agree that the court or arbitrator(s) making such determination shall have the power to revise such provision(s), so as to render such provision(s) reasonable and enforceable, upon which such provision(s) shall then be enforceable. __TL__ **(EMPLOYEE INITIALS)**

12.   **ATTORNEYS' FEES**

In the event of a breach of any of the terms of this Agreement by you, you agree to pay all fees and costs, including reasonable attorneys' fees, incurred by Morgan Stanley in connection with the enforcement of this Agreement. __TL__ (EMPLOYEE INITIALS)

13. **ENTIRE AGREEMENT**

This writing constitutes the entire agreement of the parties with respect to the subject matter recited in this Agreement. This Agreement may be amended only by a writing signed by both you and Morgan Stanley. __TL__ (EMPLOYEE INITIALS)

14. **EMPLOYEE REPRESENTATION**

You represent as follows:

I HAVE READ AND REVIEWED THIS EMPLOYMENT AGREEMENT IN ITS ENTIRETY. I HAVE BEEN GIVEN AN OPPORTUNITY TO ASK MORGAN STANLEY QUESTIONS ABOUT IT. I FULLY UNDERSTAND THE TERMS OF THIS DOCUMENT AND KNOWINGLY AND FREELY AGREE TO ABIDE BY THEM. MY INITIALS FOLLOWING THE ABOVE PROVISIONS INDICATE THAT I HAVE READ THEM. MY SIGNATURE BELOW INDICATES MY AGREEMENT TO ALL PROVISIONS HEREIN WHETHER OR NOT I HAVE INITIALED THEM.

Signed in the State of _____Florida_____

_____[signature]_____        __4. 09. 2009__
Employee's Signature            Date

MORGAN STANLEY & CO. INCORPORATED

_____[signature]_____        __04/09/09__
Branch Manager's Signature      Date