# **EXHIBIT C**

**MORGAN STANLEY SMITH BARNEY LLC**    **FINANCIAL ADVISOR EMPLOYMENT AGREEMENT**

This agreement ("Agreement") is made between Morgan Stanley Smith Barney LLC ("Morgan Stanley" or "Firm") and _____

In consideration of your compensation and employment by Morgan Stanley as a Financial Advisor and/or Financial Advisor Associate, and for other good and valuable consideration, you hereby agree as follows:

1. **PAYRATE, AT-WILL EMPLOYMENT AND TERMINATION**

   Nothing in this Agreement is a promise of employment for a fixed term. Your employment by Morgan Stanley is strictly at-will and may be terminated by either party, for any reason or for no reason, at any time, with or without notice, and with or without cause. As used in this Agreement, "termination" means the end of your employment regardless of the circumstances and includes, but is not limited to, (1) voluntary or involuntary resignation, (2) retirement, (3) release due to a reduction in force or closing of a branch office, or (4) discharge by Morgan Stanley. _____ **(EMPLOYEE INITIALS)**

2. **TRADE SECRETS AND OTHER CONFIDENTIAL INFORMATION**

   2.1   In the course of your employment with Morgan Stanley, you will have access to information that has been acquired by expenditures of time, effort, and money by Morgan Stanley and its affiliates, and which is valuable and proprietary to Morgan Stanley because, among other reasons, this information it is not known by, or available to, the general public or persons or entities other than in the ordinary course of conducting business for Morgan Stanley and its affiliates. This information includes, but is not limited to: (a) customer files, lists, and holding pages; (b) the names, addresses, telephone numbers, and assets and obligations carried in the accounts of Morgan Stanley's customers; (c) Morgan Stanley's customer account histories and customer risk profiles; (d) computer software or hardware developed for use in Morgan Stanley's business; (e) all training material forwarded to you during your employment (including but not limited to books, papers, records, videotapes and recordings); (f) documents or computer programs prepared or generated by you, any, using Morgan Stanley's confidential records or information; (g) Morgan Stanley's business or marketing plans and strategies; (h) other information or materials subject to intellectual property protection that are confidential; and, (i) any other information that constitutes confidential or trade secret information as defined by law. You may also have access to proprietary, private, or privileged information concerning Morgan Stanley's customers or employees. All of the above described information and documents are hereinafter collectively referred to as Trade Secrets ("Trade Secrets"). You acknowledge and agree that these Trade Secrets are unique, cannot lawfully be easily duplicated or acquired, and that Morgan Stanley views these Trade Secrets as highly confidential and takes all reasonable measures to maintain their confidentiality and secrecy. _____ **(EMPLOYEE INITIALS)**

   2.2   In the course of your employment with Morgan Stanley, you will also have access to records, documents, and information concerning the business and affairs of

Morgan Stanley and its employees (hereinafter "Company Records") that are and will always be the confidential and exclusive property of Morgan Stanley. Company Records include, but are not limited to, Morgan Stanley's books and records and excerpts or derivations thereof. Company Records also include information and documents described as Confidential Information in Paragraph 2.1 above. Company Records include the originals and all copies thereof (whether in hard copy, computerized, or any other form). JAS **(EMPLOYEE INITIALS)**

2.3 You agree that, during the course of your employment with Morgan Stanley or otherwise, you will not remove Trade Secrets or other Company Records from the premises of Morgan Stanley in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, Morgan Stanley. You also agree that you will not use Trade Secrets or other Company Records for any purpose other than the purpose of conducting the business of Morgan Stanley. You further agree that: (a) your use of Trade Secrets and other Company Records will stop immediately upon the suspension or termination of your employment relationship with Morgan Stanley; (b) you will immediately deliver to Morgan Stanley, at the time of suspension or termination of your employment or at any other time upon Morgan Stanley's request, any Trade Secrets or other Company Records in your possession or control; and, (c) you will permit Morgan Stanley to inspect, prior to removal, any materials you intend to take from Morgan Stanley offices when your employment with Morgan Stanley is suspended or terminated. JAS **(EMPLOYEE INITIALS)**

2.4 You agree that, both during and subsequent to your employment with Morgan Stanley, you will not disclose to any person or entity the contents, in whole or in part, of any Trade Secrets or Company Records, except in the ordinary course of conducting business for Morgan Stanley. JAS **(EMPLOYEE INITIALS)**

2.5 You will not, at any time assert any claim of ownership or other property interest in any Trade Secrets or other Company Records. JAS **(EMPLOYEE INITIALS)**

2.6 If you create, contribute to or conceive any copyrightable or patentable work within the scope of your employment at Morgan Stanley, Morgan Stanley may assert that such work is a "work-made-for-hire," and you agree that, upon Morgan Stanley's assertion that a work is a "work-made-for-hire," Morgan Stanley shall own all such rights in the copyrightable or patentable work. This provision does not apply to an invention which qualifies fully under the provisions of California Labor Code Section 2870. JAS **(EMPLOYEE INITIALS)**

3. **NOTICE OF IMMUNITY FOR CONFIDENTIAL DISCLOSURE OF A TRADE SECRET TO AN ATTORNEY, THE GOVERNMENT OR IN A COURT FILING**

   3.1 Federal law provides certain protections to individuals who disclose a trade secret to their attorney, a court, or a government official in certain, confidential circumstances. Specifically, federal law provides that an individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret under either of the following conditions:

   (a) where the disclosure is made (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or
   JAS **(EMPLOYEE INITIALS)**

   (b) where the disclosure is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. See 18 U.S.C. §

1833(b)(1)).
**JA/5 (EMPLOYEE INITIALS)**

3.2 Federal law also provides that an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual (A) files any document containing the trade secret under seal; and (B) does not disclose the trade secret, except pursuant to court order. See 18 U.S.C. § 1833(b)(2).
**JA/5 (EMPLOYEE INITIALS)**

## 4. UNFAIR COMPETITION

4.1 You acknowledge and agree that the training, resources, goodwill and reputation of Morgan Stanley are material factors in your ability to develop and service Morgan Stanley's customers, and that all customers serviced by you on behalf of Morgan Stanley are customers of Morgan Stanley. **JA/5 (EMPLOYEE INITIALS)**

4.2 For a period of one year following termination of your employment for any reason, you will not solicit or attempt to solicit, directly or indirectly, any of Morgan Stanley's customers who were serviced by you, or whose names became known to you, while in the employ of Morgan Stanley or as a result of your employment with Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which Morgan Stanley or any of its affiliates is engaged. For purposes of this provision, the term "solicit" includes initiation of any contact with customers for the purpose of conducting business with or transferring accounts to any other person or firm that does business in any line of business in which Morgan Stanley or any of its affiliates is engaged. These restrictions will not apply to your solicitation of customers that occurs in California so long as such solicitation does not involve your use of Trade Secrets or Company Records. **JA/5 (EMPLOYEE INITIALS)**

4.3 For a period of one year following termination of your employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of Morgan Stanley for employment or other business relationship with any other organization that does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which Morgan Stanley or any of its affiliates is engaged. **JA/5 (EMPLOYEE INITIALS)**

## 5. RIGHT TO INJUNCTION

5.1 In the event you breach any of your obligations concerning Trade Secrets, Company Records, and other confidential information or "Unfair Competition" contained in paragraphs 2 or 3 of this Agreement, you agree that Morgan Stanley will be entitled to appropriate injunctive relief. You understand and agree that Morgan Stanley will suffer immediate and irreparable harm and that money damages will not be adequate to compensate Morgan Stanley or to protect and preserve the status quo pending arbitration under any applicable arbitration

agreement or obligation. Therefore, YOU CONSENT TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY OR PERMANENT INJUNCTION ordering:

(a) that you immediately return to Morgan Stanley all Trade Secrets and Company Records, whether original, duplicated, computerized, handwritten, or in any other form whatsoever, and that you be enjoined and restrained from using or disclosing any information contained in such materials; JAB
**(EMPLOYEE INITIALS)**

(b) that, for a period of one year following the termination of your employment, you be enjoined and restrained from soliciting or attempting to solicit, directly or indirectly, any of Morgan Stanley's customers who were serviced by you, or whose names became known to you, while in the employ of Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged; JAB
**(EMPLOYEE INITIALS)**

(c) that, for a period of one year following termination of employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of Morgan Stanley for employment or other business relationship with any other organization that does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which Morgan Stanley or any of its affiliates is engaged. JAB
**(EMPLOYEE INITIALS)**

5.2   You and Morgan Stanley have the right to apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration, including upon the grounds set forth in California Code of Civil Procedure Section 1281.8 (where applicable). You and Morgan Stanley agree that your or Morgan Stanley's application to any court for temporary or preliminary injunctive relief will not constitute a waiver by you or Morgan Stanley of any right to arbitration as provided for in any arbitration agreement or obligation applicable to you and Morgan Stanley, and that, where such dispute is covered by any such arbitration agreement or obligation, any hearing on the merits in such dispute shall be conducted in arbitration pursuant to and in accordance with such arbitration agreement or obligation. If, after issuance of temporary or preliminary injunctive relief, the parties proceed to arbitration, you and Morgan Stanley agree that any applicable expedited hearing procedures for such arbitration shall apply. JAB
**(EMPLOYEE INITIALS)**

6.   **ADHERENCE TO APPLICABLE LAWS AND POLICIES**

You agree to become familiar with and abide by the rules, policies and procedures of Morgan Stanley, including the Firm's Code of Conduct in effect from time to time. You also agree to become familiar with and abide by (1) the rules and regulations of the Financial Industry Regulatory Authority and any other securities and commodities exchanges of which Morgan Stanley is a member in effect from time to time and (2) any applicable state and federal securities laws, rules and regulations in effect from time to time. You also agree to the terms of the applicable compensation plan governing your employment in effect from time to time, including any amendments made by Morgan Stanley to such plan.
JAB **(EMPLOYEE INITIALS)**

7. **"PAY TO PLAY" RULES AND GOVERNMENT BUSINESS**

   You are prohibited from communicating with any US government entity or agent regarding opening an account with the Firm unless that communication has been approved in writing in advance by Government and Political Activities Compliance under 2012-28 Procedures for Doing Business with U.S. Federal, State, and Local Government Entities. This approval process is required prior to any communication with a government entity including communications regarding the possibility of transferring a government account from another firm. You will be required to disclose your personal political contributions for the prior two years as part of any request for approval, and you may not be approved to service or solicit US government accounts. Morgan Stanley is subject to pay-to-play rules that restrict certain political contribution and political solicitation activity. Accordingly, you must become familiar with the Morgan Stanley U.S. Political Contributions and Activities Policy that requires all employees to pre-clear all political contribution and solicitation activity.

   Failure to pre-clear your political contribution and solicitation activity may result in a violation of pay-to-play rules which carries serious penalties, including a restriction on Morgan Stanley's ability to engage in or be compensated for certain types of business with a government entity for two years after a prohibited political contribution is made, and disciplinary action, up to and including termination of your employment. If you want to preserve your ability to solicit advisory accounts from a government entity, you must pre-clear any political contribution or political solicitation activity with Compliance which can be reached via e-mail mssbpoliticalactivities@morganstanley.com.
   _JAS_ **(EMPLOYEE INITIALS)**

8. **HOLD HARMLESS**

   To the extent allowed by applicable law, you agree to indemnify Morgan Stanley for, and hold it harmless from, any and all losses or liabilities incurred by Morgan Stanley caused by (a) your violation of applicable state or federal laws, duties, rules, or regulations: (b) your violation of Morgan Stanley's policies; or (c) your breach of any of the provisions of this Agreement. Consistent with and to the extent permitted by applicable law, you authorize Morgan Stanley, with or without notice to you, to withhold amounts equal to any such losses or liabilities caused by your dishonest or willful act, or by your gross negligence, from amounts payable, due, or held in an account or otherwise for you, including, but not limited to, from any incentive compensation, bonuses, deferred, or other compensation other than your monthly salary. _JAS_ **(EMPLOYEE INITIALS)**

9. **SUCCESSORS, ASSIGNS AND AFFILIATES**

   The benefits and obligations of this Agreement will run to the successors, affiliates and assigns of Morgan Stanley. _JAS_ **(EMPLOYEE INITIALS)**

10. **GOVERNING LAW**

    This Agreement will be governed, construed and enforced in accordance with the laws of the State of New York without regard to choice of law principles, unless you primarily reside in and your principal place of employment will be California, in which case this Agreement will be governed, construed and enforced in accordance with the laws of the State of California without regard to choice of law principles. _JAS_ **(EMPLOYEE INITIALS)**

11. **WAIVER**

Morgan Stanley's failure to enforce a breach of any covenant of this Agreement will not constitute a waiver of Morgan Stanley's right to enforce any other breach of the same or any other covenant.
___ **(EMPLOYEE INITIALS)**

12. **SEVERABILITY**

    12.1 If any provision or portion of any provision of this Agreement is, for any reason, adjudged to be void, invalid or unenforceable by an arbitrator or arbitration panel, a regulatory body, or a court of contempt jurisdiction, the remainder of the Agreement will remain in full force and effect. ___ **(EMPLOYEE INITIALS)**

    12.2 If any of the covenants, including but not limited to restrictive covenants, contained in this Agreement or any part thereof are held to be unreasonable and/or unenforceable, the parties agree that the court or arbitrator(s) making such determination shall have the power to revise such provision(s), so as to render such provision(s) reasonable and enforceable, to the maximum extend permitted by law, upon which such provision(s) shall then be enforceable. ___ **(EMPLOYEE INITIALS)**

13. **ATTORNEY's FEES**

    In the event of a breach of any of the terms of this Agreement by you, you agree to pay all fees and costs, including reasonable attorney's fees, incurred by Morgan Stanley in connection with the enforcement of this Agreement. ___ **(EMPLOYEE INITIALS)**

14. **ENTIRE AGREEMENT**

    All terms and conditions of your employment with Morgan Stanley are contained in this Agreement, the attached Offer Letter if applicable, and other written agreements between you and Morgan Stanley, and the policies and procedures of the Firm including the Firm's Code of Conduct in effect from time to time. Morgan Stanley does not guarantee that any client or prospective client will be permitted to do business with Morgan Stanley. Morgan Stanley has made no guarantees or representations of any kind to you regarding the investments or services Morgan Stanley may or may not offer clients at any time, or regarding the suitability or potential suitability of any particular investment or investment strategy of any client or prospective client. You have not relied on any verbal representations relating to your employment at Morgan Stanley and, unless otherwise expressly agreed to in writing, understand that any prior discussions that you have had with Morgan Stanley are not part of the terms and conditions of your employment with Morgan Stanley. This writing constitutes the entire agreement of the parties with respect to the subject matter recited in this Agreement. This Agreement may be amended only by a writing signed by both you and Morgan Stanley. ___ **(EMPLOYEE INITIALS)**

15. **EMPLOYEE REPRESENTATION**

You represent as follows:

I HAVE READ AND REVIEWED THIS EMPLOYMENT AGREEMENT IN ITS ENTIRETY. I HAVE BEEN GIVEN AN OPPORTUNITY TO ASK Morgan Stanley QUESTIONS ABOUT IT. I FULLY UNDERSTAND THE TERMS OF THIS DOCUMENT AND KNOWINGLY AND FREELY AGREE TO ABIDE BY THEM. MY INITIALS FOLLOWING THE ABOVE PROVISIONS INDICATE THAT I HAVE READ THEM. MY SIGNATURE BELOW INDICATES MY AGREEMENT TO ALL PROVISIONS HEREIN WHETHER OR NOT I HAVE INITIALED THEM.

Signed in the State of _Florida_

_____  2/25/2020
Employee's Signature        Date

**MORGAN STANLEY SMITH BARNEY LLC**

_____  2/26/2020
Branch Manager's Signature   Date