IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 2:23-cv-14314-KMM |
| TRENT LEYDA, KAY CAMPIONE, and JAMES BEINDORF, | : |
| Defendants. | : |

## ORDER

**AND NOW**, this *17th* day of October, 2023 upon consideration of the Complaint and supporting papers of Morgan Stanley Smith Barney LLC ("Morgan Stanley"), and having determined that:

1. The rights of Morgan Stanley with respect to its property, proprietary and confidential information, competitive interests, and contracts with Defendants are being and will continue to be violated unless Defendants are restrained therefrom;

2. Morgan Stanley will suffer irreparable harm and loss if Defendants are permitted to convert the property of Morgan Stanley to their own personal use and benefit and solicit Morgan Stanley clients;

3. Morgan Stanley has no adequate remedy at law;

4. Greater injury will be inflicted upon Morgan Stanley by the denial of injunctive relief than would be inflicted upon Defendants by the granting of such relief; and

5. The issuance of injunctive relief will not disserve the public interest.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately and that security in the amount of $ _0.00_ be posted no later than the _n/a_ day of October, 2023;

2. Defendants are immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, until further Order of this Court, from doing any of the following:

   (i) Soliciting or attempting to solicit any Morgan Stanley clients they serviced, or whose names became known to them, while in the employ of Morgan Stanley or as a result of their employment with Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which Morgan Stanley or any of its affiliates is engaged (excluding Defendants' immediate family);

   (ii) Soliciting the business of any clients of Morgan Stanley whom Defendants Leyda and Campione serviced, or whose names became known to them, in connection with the <u>Former Advisor Program Joint Active Advisor Agreement</u> (the "FAP Agreement"), while in the employ of Morgan Stanley or as a result of Defendants' employment with Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantages investments, mutual funds, or any other line of

        business in which Morgan Stanley or any of its affiliates is engaged (excluding members of Defendants' family);

(iii)    Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(iv)    Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information;

(v)    Any and all other such acts as this Court deems appropriate for injunctive relief.

Defendants, and anyone acting in concert or participation with them, are further ordered to return to Morgan Stanley any and all Records and Information, whether in original, copied, computerized, handwritten or any other form within twenty-four (24) hours of notice to the Defendants or their counsel of the terms of the Court's Order. To the extent Defendants destroyed and/or deleted any such Records and Information after they resigned, they shall identify with particularity the Records and Information they destroyed and/or deleted and the date(s) on which the Records and Information were destroyed and/or deleted. To the extent any such Records and Information are or were contained on any electronic device or email account of the Defendants, such device or email account shall be preserved and subject to discovery in connection with proceedings before the Financial Industry Regulatory Authority ("FINRA").

3.      The Court's Order will remain in full force and effect until such time as the Court specifically orders otherwise;

4.      Morgan Stanley is granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before the Court;

5.      Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed to expedited arbitration hearings on the merits before a duly appointed panel of arbitrators in accordance with Rule 13804 of the FINRA Code of Arbitration Procedure; and

6.      Defendants are ordered to show cause before the Court on the *19th* day of *October*, 2023 at *2* o'clock *p*.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

**DONE and ORDERED** in Chambers at *Miami*, Florida, this *17th* day of October, 2023.

BY THE COURT:

*K. M. Moore*
K. Michael Moore
United States District Court